# EXHIBIT A

NATHAN M. MURAWSKY, ESQ.
IDENTIFICATION NO. 76661
GABRIELA A. AMADO, ESQUIRE
IDENTIFICATION NO. 335848
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
1684 S. BROAD STREET – SUITE 230
PO BOX 1479
LANSDALE, PA 19446-0773
(215) 661-0400
*nmurawsky@hrmml.com* (e-mail)

32200-0001

Filed and Attested by the
Office of Judicial Records
20 JUN 2025 01:07 pm
B. BALILONIS

ATTORNEY FOR PLAINTIFFS

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| TRACY KEHLER AND SCOTT KEHLER, h,/w<br>234 Winding Way<br>Telford, PA 18969<br>Plaintiff<br>v. | : | NO: |
| WALMART, INC.<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101 | : | JURY TRIAL DEMANDED<br>TWELVE JURORS REQUESTED<br><br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED |
| and | : | |
| WAL-MART STORES EAST, LP<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA, 17101 | : | |
| and | : | |
| WAL-MART STORES EAST, LLC<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA, 17101 | : | |
| and | : | |
| WALMART SUPERCENTER<br>1515 Bethlehem Pike<br>Hatfield, PA 19440<br>Defendants | : | |

**NOTICE TO DEFEND**

**NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. HIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

**AVISO – CIVIL ACTION**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASCOCIACIÓN DE LICENCIADOS DE FILADELFIA

Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

NATHAN M. MURAWSKY, ESQ.
IDENTIFICATION NO. 76661 32200-0001
GABRIELA A. AMADO, ESQUIRE
IDENTIFICATION NO. 335848
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
1684 S. BROAD STREET – SUITE 230
PO BOX 1479
LANSDALE, PA 19446-0773
(215) 661-0400
*nmurawsky@hrmml.com* (e-mail) ATTORNEY FOR PLAINTIFFS

---

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| TRACY KEHLER AND SCOTT KEHLER, h,/w<br>234 Winding Way<br>Telford, PA 18969<br>Plaintiff<br>v. | : | NO: |
| WALMART, INC.<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>and | : | JURY TRIAL DEMANDED<br>TWELVE JURORS REQUESTED<br><br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED |
| WAL-MART STORES EAST, LP<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA, 17101<br>and | : | |
| WAL-MART STORES EAST, LLC<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA, 17101<br>and | : | |
| WALMART SUPERCENTER<br>1515 Bethlehem Pike<br>Hatfield, PA 19440<br>Defendants | : | |

**COMPLAINT**

Plaintiffs, Tracy Kehler and Scott Kehler, h/w, by and through their attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, hereby files this Complaint and in support thereof aver the following:

**Parties**

1. Plaintiff, Tracy Kehler, is an adult individual and resides at 234 Winding Way, Telford, PA 18969.

2. Plaintiff, Scott Kehler, is an adult individual and resides at 234 Winding Way, Telford, PA 18969.

3. Defendant, Walmart, Inc., is an Arkansas corporation and regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

4. At all times relevant hereto Defendant, Walmart, Inc., owned, operated, and/or managed the Walmart Supercenter located at 1515 Bethlehem Pike, Hatfield, PA, hereinafter "premises".

5. At all times relevant hereto Defendant, Walmart, Inc., as the premises owner, was to provide maintenance of and / or to ensure the aforementioned premises was in a safe condition.

6. Defendant, Wal-Mart Stores East, LP, is an Arkansas limited partnership and regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

7. At all times relevant hereto Defendant, Wal-Mart Stores East, LP, owned, operated, and / or managed the Walmart Supercenter located at 1515 Bethlehem Pike, Hatfield, PA, hereinafter "premises".

8. At all times relevant hereto Defendant, Wal-Mart Stores East, LP, as the premises owner, was to provide maintenance of and / or to ensure the aforementioned premises was in a safe condition.

9. Defendant, Wal-Mart Stores East, LLC, is an Arkansas limited liability corporation and regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

10. At all times relevant hereto Defendant, Wal-Mart Stores East, LLC, owned, operated, and / or managed the Walmart Supercenter located at 1515 Bethlehem Pike, Hatfield, PA, hereinafter "premises".

11. At all times relevant hereto Defendant, Wal-Mart Stores East, LLC, as the premises owner, was to provide maintenance of and / or to ensure the aforementioned premises was in a safe condition.

12. At all times relevant hereto Defendant, Walmart Supercenter, owned, operated, and / or managed the premises located at 1515 Bethlehem Pike, Hatfield, PA.

13. At all times relevant hereto Defendant, Walmart Supercenter, as the premises' owner, was to provide maintenance of and / or to ensure the aforementioned premises was in a safe condition.

**Jurisdiction and Venue**

14. This Court has jurisdiction over the Defendants inasmuch as the Defendants conduct business within this Commonwealth and because the events giving rise to the above captioned action occurred herein.

15. Venue for this action is properly laid in Philadelphia County pursuant to Pa.R.C.P. 2179 because the Defendants regularly conduct business herein.

**Underlying Facts**

16. On or about January 17, 2025, Plaintiff, Tracy Kehler, was a business invitee and lawfully on the premises of Walmart Supercenter located at 1515 Bethlehem Pike, Hatfield, PA.

17. At this date and time, employee(s) of Defendants were stocking a shelf with unknown stock, more specifically, the employees were placing the stock on the top shelf.

18. At this date and time, Plaintiff was walking down the adjacent aisle to the place where the stock was being placed on the top shelf. Plaintiff was shopping for a Keurig coffee maker that was located on the shelves, including but not limited to the top shelf, of the aisle she was occupying.

19. Plaintiff was suddenly and violently struck in the head by multiple items, including but not limited to the Keurig coffeemakers, after they were pushed off the top shelf by the Defendants' employee(s) in their attempt to stock products on the adjacent aisle.

20. At this date and time, it was the duty of the Defendants, to maintain said Premises in a reasonable and safe condition for persons lawfully walking therein such as Plaintiff.

21. It is believed and therefore averred that Defendants, controlled and otherwise managed the Premises either personally or through its agents, servants, and / or employees; duties including a duty to maintain, supervise and inspect the aforementioned area of the Premises on which the Plaintiff was struck by the falling Keurig coffee makers.

22. At said date and time, Defendants knew or should have known of the dangerous condition on the aforementioned Premises, namely the improper and unsafe placing of stock on the top shelf, and were negligent and/or careless in failing to maintain the Premises by failing to inspect the Premises for the presence of dangerous conditions and by allowing the aforementioned dangerous condition to remain for an unreasonable amount of time and failed to take corrective action to address said conditions as set forth more fully herein.

23. The aforesaid accident caused the Plaintiff to suffer severe and permanent injuries and losses which are more fully set forth hereinafter.

24. At no time relevant hereto were the occurrences described herein caused by any fault, negligence, act or omission on the part of the Plaintiff.

25. The injuries described herein to the Plaintiff were caused solely by and were the direct and proximate result of the negligence and/or carelessness of Defendants and its agents, servants, and / or employees.

**COUNT I: NEGLIGENCE**
**TRACY KEHLER V. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER**

26. Plaintiffs incorporate by reference the preceding averments as if the same were set forth herein at length.

27. At all times relevant herein, Defendants, its agents, servants, and / or employees, were responsible for the maintenance, care, supervision, and oversight of the aforementioned Premises, including but not limited to:

a. inspections of the Premises, particularly the shelves and aisles, and/or direction, control and management of any work performed by agents, servants, or employees of Defendants; and

b. inspections of the Premises, particularly the shelves and aisles, and/or direction, control and management of any work performed by its agents, servants, or employees on the aforesaid areas at the request of the Defendants herein or any other entity.

28. The negligence, carelessness and recklessness of Defendants consisted of the following:

a. failing to properly inspect the Premises, including the shelves and aisles, for hidden defects or dangerous conditions on the Premises;

b. allowing the placement of unsecured stock on a top shelf, which created an unsafe condition on the Premises;

c. failing to make regular and proper inspections of the Premises, specifically including the shelves and aisles;

d. failing to hire and / or retain proper employees, agents, servants, or contractors for the inspection, maintenance and stocking of items at and on the Premises;

e. failure to properly and adequately remedy any and all hidden defects or unsafe areas, such as unsecured stock;

f. failing to properly and adequately oversee the work performed by any employees, agents, or servants, hired to remedy any and all hidden defects and / or hired to stock the shelves, such as the placement of the unsecured items on the top shelf, or defects in the aisles of the aforementioned area;

g. failure to have appropriate guidelines, procedures and policies in place requiring prompt and regular inspection and / or remedy / repair of the Premises, including the shelves and aisles;

h. failure to adequately maintain, inspect and correct the said dangerous conditions and / or man-made conditions that created the defect on the Premises that caused the accident at issue;

i. failure to utilize proper and adequate procedures for inspection of said

Premises;

j. failure to properly train employees, agents, or servants as to the proper way to stock shelves;

k. failure to implement safety protocols for closing aisles to prevent injuries to business invitees and / or customers;

l. failure to implement safety protocols to ensure the safety of and prevent injuries to business invitees and / or customers;

m. failure to properly train employees, agents, or servants as to the proper way to ensure the safety of and prevent injuries to business invitees and / or customers;

n. failure to warn the Plaintiff and others of the dangerous and hazardous condition which caused Plaintiff to be struck by falling, unsecure stock;

o. failure to adequately and properly supervise Defendants' agents, servants, and/or employees with regard to the proper maintenance, remedy and/or supervision of the Premises, including the shelves and aisles;

p. failure to adequately and properly train Defendants' agents, servants, or employees on the stocking of items;

q. failure to post signs, markers, barricades and / or any other physical warnings or indicators of the dangerous condition which caused Plaintiff to be struck by large, unsecured and / or items, or to take any measures whatsoever to prevent persons on the Premises, such as the Plaintiff, from encountering said defects or dangerous conditions;

r. failure to inspect for and / or remedy dangerous conditions on the Premises, including the shelves and aisles; and

s. failure to hire and thereafter monitor and oversee the work done on the Premises including but not limited to maintaining the shelves and aisles so as not to cause hazardous and unsafe conditions.

29. The said negligence, carelessness and recklessness of the Defendants herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

**COUNT II: DAMAGES**
**TRACY KEHLER v. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER**

30. Plaintiffs incorporate by reference the preceding averments as if the same were set forth herein at length.

31. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Plaintiff, Tracy Kehler, sustained serious and severe injuries to her body including, but not limited to, neck, head, including concussion and herniation, shock to her nerves and nervous system, muscle pain and tenderness, and spasm throughout the body, all of which has caused her to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time into the future.

32. As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Tracy Kehler, has been caused to suffer a loss of earnings and earning capacity which is or may be permanent in nature.

33. As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Tracy Kehler, has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

34. As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Tracy Kehler, has suffered severe and permanent functional limitations and has been unable to attend to her usual and customary daily activities, occupations, labors, and social duties, to her great detriment and loss.

35. As a further direct and proximate result of the said injuries, Plaintiff, Tracy Kehler, has been forced to enlist the care and treatment of others, has been forced to undergo various forms of medical care and treatment and has been forced to spend various and diverse sums of money for medicine, care and treatment in and about an effort to treat and cure herself of the aforesaid injuries, and she may continue to be obliged to expend sums of money in an effort to treat and cure herself for an indefinite time into the future, to her great detriment and loss.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

## COUNT III: LOSS OF CONSORTIUM
## SCOTT KEHLER v. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER

36. Plaintiffs incorporate by reference the preceding averments as if the same were set forth herein at length.

37. At all times relevant, Plaintiff, Scott Kehler, was and continues to be, the husband of Plaintiff, Tracy Kehler.

38. As a direct and proximate and foreseeable result of the negligence and carelessness of Defendants, Plaintiff, Scott Kehler, was compelled to incur expenses for transportation and medical care and treatment of his wife and will be required to incur similar expenses in the future.

39. As a further result of Defendants' negligence and carelessness and the resulting injuries sustained by his spouse, Plaintiff, Scott Kehler, has been in the past, and will be in the future, deprived of the assistance, companionship, consortium, and society of his wife, all of which has been, and will be, to his great damage and loss.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: ______________________
NATHAN M. MURAWSKY
Attorney for Plaintiffs

DATE: June 20, 2025



Case ID: 250602509

**VERIFICATION**

Nathan M. Murawsky, Esquire, upon information received from all Plaintiffs, Tracy Kehler and Scott Kehler verifies that he is authorized to represent the above-named party and that the statements made in the foregoing Complaint are true and correct, to the best of his knowledge, information and belief. The Plaintiffs cannot make the verification to the foregoing document because their verification cannot be obtained within the time allowed for filing this verification. The statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: ______________________
NATHAN M. MURAWSKY
Attorney for All Plaintiff

Date: June 20, 2025